UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PAUL and JANET BUTLER, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 1:08-cv-0084-LJM-JMS |
| | ) | |
| KOHL'S DEPARTMENT STORES, INC., | ) | |
| d/b/a KOHL'S DEPARTMENT STORE, d/b/a | ) | |
| KOHL'S, and JEFF FLEMMING, Manager, | ) | |
| Defendants. | ) | |

**ORDER ON MOTION TO REMAND**

Pending before the Court is Plaintiff's, Paul and Janet Butler (the "Butlers"), Motion to Remand. This case was originally filed in state court on December 21, 2007. The Complaint concerns injuries that Janet Butler suffered after falling over a floor mat that, allegedly, was placed or maintained negligently in a store owned by defendant Kohl's Department Stores, Inc. ("Kohl's"), located at 550 Fry Road, Greenwood, Indiana. At the time of the accident the store was managed by defendant, Jeff Flemming ("Flemming") (defendants, collectively, "Defendants"). On January 22, 2008, the Defendants removed this case to this Court, pursuant to 28 U.S.C. § 1441, claiming jurisdiction under 28 U.S.C. § 1332, which gives a federal district court power to hear disputes between citizens of different states when the amount in controversy, exclusive of costs, exceeds $75,000.00.

For purposes of § 1332, Kohl's is a citizen of Delaware, the place of its incorporation, and also of Wisconsin, its principal place of business. Compl. ¶ 2. Flemming, like the Butlers, is a citizen of Indiana. *Id.* ¶¶ 1, 4. Normally, Flemmings presence in this case would defeat jurisdiction under the requirement of complete diversity, "meaning that no plaintiff may be a citizen of the same

state as any defendant." *Fid. & Deposit Co. of Md. v. City of Sheboygan Falls,* 713 F.2d 1261, 1264 (7th Cir.1983) (citing *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267 (1806)). Under the doctrine of "fraudulent joinder," however, a defendant may remove a case even in the absence of complete diversity if the non-diverse defendant was fraudulently joined. *See Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir. 1992). Joinder is fraudulent either when the allegations of jurisdictional fact were false, or, as alleged here, the claims against the in-state defendant simply have no reasonable chance of success. *See id.* The Butlers' motives in joining the non-diverse defendant are irrelevant. *See id.*

Defendants contend that the Butlers named Flemming as a nominal defendant. Defendants argue his inclusion cannot destroy complete diversity because the Butlers allege no negligence on his part other than having been employed as a store manager. Defs.' Notice of Removal ¶ 7.

The Butlers filed their motion for remand on February 20, 2008.[1] They argue that they did allege negligence on the part of Flemming with respect to the placement, condition, and/or maintenance of the floor mat. The Butlers also ask the Court to award them attorney's fees pursuant to 28 U.S.C. § 1447(c) in the amount of $1,350.00.

For the reasons stated herein, the Court **GRANTS** the Butlers' Motion to Remand and their request for attorneys' fees.

---

[1] The Butlers also argue that remand is appropriate because the amount in controversy does not exceed $75,000 and because the Defendants failed to establish citizenship of all parties. Because the Court finds that removal due to fraudulent joinder was inappropriate, these issues need not be considered.

## I. DISCUSSION

### A. FRAUDULENT JOINDER

Defendants seek to establish fraudulent joinder, therefore, they bear a heavy burden. *See Poulos*, 959 F.2d at 73. Defendants must show that there is no reasonable possibility that a state court would rule against the non-diverse defendant. *See id.* This does not require Defendants to negate every theoretical possibility. *See id.* at 74. Rather, Defendants "must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Id.* at 73 (emphasis in original).

A recent decision by this Court found that joinder of a store manager in a claim for negligent maintenance of the premises was not fraudulent. *Antonio v. Walmart*, 2007 WL 2884371 (S.D. Ind. Sept. 27, 2007), is a case with almost identical facts to the case at bar. In *Antonio*, parents of a child who was killed when a dressing room mirror fell on him at a Wal-Mart store sued both the store and the store manager, alleging that the defendants "failed to maintain the premises in a reasonably safe way, use proper attachments or hardware to secure the mirror, and warn customer of the danger posed by the unsecured mirror." *Id.* at *2. After discussing the approaches taken by several other states in similar situations, the *Antonio* court turned to Indiana law:

> Indiana law permits an officer of a corporation, which would include a store manager, to be held personally liable for torts in which the officer participates, authorizes, or directs. *See State Civil Rights Comm'n, Inc.,* 738 N.E.2d [1044, 1050 (Ind. 2000)]. It is not clearly obvious, however, that a store manager's failure to act constitutes participation, authorization, or direction.
> As an employee of [the store], [the store manager] was the company's agent. Under general principles of agency, an agent's breach of a duty to the principal is not itself a basis for holding the agent liable in tort to a third party. RESTATEMENT (THIRD) OF AGENCY § 7.02. The agent's conduct must breach a duty that the agent owes to the third party. *Id.* Moreover, in Indiana, the duty to ensure the safety of an invitee in Indiana is generally thought to fall on the owner or occupier of the land. *See* 21 IND. LAW ENCYCLOPEDIA Negligence § 17.

>All of this might seem to support the notion, advanced by Wal-Mart in *[Palmer v. Wal-Mart Stores, Inc.*, 65 F. Supp. 2d 564 (S.D. Tex. 1999),] and like cases, that a store manager cannot be held personally liable until some evidence suggests the manager owed a duty to the customer that was independent of the duty owed to the store. If this were indeed Indiana law, then [the store manager] was only responsible to [the store] for keeping the store in safe condition, and only [the store] could be held liable for the breach of this responsibility or duty. In short, ]the store manager] would enjoy the same sort of qualified immunity that the Indiana Tort Claims Act bestows on governmental employees. *See* Ind. Code § 34-13-3-5.
>
>But duties, of course, can be delegated, although the Comparative Fault Act or the doctrine of non-delegable duties will often prevent a principal from escaping liability. *See Control Techniques, Inc. v. Johnson*, 762 N.E.2d 104, 109 (Ind. 2002); *Bagley v. Insight Commc'ns Co.,* 658 N.E.2d 584, 587-88 (Ind. 1995). Moreover, on a general level, liability depends on the power to prevent injury. *Tibbs v. Huber, Hunt & Nichols, Inc.*, 668 N.E.2d 248, 250 (Ind. 1996). Under these principles, [the store manager] may be held liable if [the store] gave her the responsibility and authority to ensure the safety of its premises. Indiana courts could hold, as the *Cook* court did, that this delegation can be inferred by the nature of her position. Or they could require the [parents] to present evidence of this delegation.
>
>This [C]ourt need not conclusively determine whether the [parents] have a viable claim against [the store manager]. For the purposes of deciding if removal was proper, it is enough to note that Indiana law is unsettled regarding the extent that a plaintiff may bring a claim in negligence against a store manager, based on a delegation of the premise owner's duties toward invitees. It is not clear that the [the parents'] claim cannot succeed. For this reason, removal under the doctrine of fraudulent joinder was improper and remand is appropriate.

*Id.* at *7 (internal footnotes omitted).

This Court finds the reasoning in *Antonio* persuasive, and hereby adopts its analaysis and conclusions. The Defendants have offered no evidence that Indiana law with respect to a store manager's liability for negligent maintenance of the premises has become more settled in the short time since *Antonio* was decided. Therefore, this Court finds that removal based on fraudulent joinder is inappropriate.

Defendants' efforts to distinguish *Antonio* are insufficient. Defendants argue that *Antonio* does not apply because that case involved a claim for negligence, while the case at hand deals only with a claim for premises liability. Under Indiana law, a plaintiff can recover against a landowner

4

on the theory of premises liability by proving: (1) the defendant is an occupant or owner of the land; (2) the plaintiff was an invitee, rather than a trespasser or licensee; and (3) the defect was a condition on the premises. *Duffy v. Ben Dee, Inc.,* 651 N.E.2d 320, 322 (Ind. Ct. App. 1995) (internal citations omitted). Defendant argues that because the floor mat was a condition of the premises, the Plaintiffs only claim could be for premises liability. Therefore, they argue, *Antonio* does not apply.

However, Defendants ignore several facts. First, in the Butler's Complaint, the first claim is titled "Negligence and Claim for Premise Liability." Second, in the body of the Complaint, the Butlers do not only allege that there was a defective condition on the premises. The Butlers also allege that: "the placement, condition, and/or maintenance of the floor matte was a hazard which could result in injury to the Plaintiff Janet Butler"; "the Defendants were negligent (i.e., careless)"; and "[t]he Defendants' negligence was a proximate cause of Plaintiff Janet Butler's injuries." Compl. ¶¶ 7, 10, 11. These facts, viewed in a light favorable to the Butlers, demonstrate that the Butlers alleged liability due to negligence as well as premises liability.

For these reasons, and for the reasons stated in *Antonio*, removal under the doctrine of fraudulent jointed was improper and remand is appropriate.

### B. ATTORNEY'S FEES

The Butlers also ask the Court to award them $1,350.00 in attorney's fees, reflecting the six hours of work performed by their attorney, at the rate of $225.00 per hour, to seek a remand of this case. They allege that the Defendants had no objectively reasonable basis for the removal and therefore they should be awarded fees pursuant to 28 U.S.C. § 1447(c).

5

The removal statute authorizes a court, in its discretion, to include in its order remanding the case an award of attorneys fees. 28 U.S.C. § 1447(c). Although the statute gives the remanding court discretion in determining whether to award attorney's fees, that discretion is not without limits. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005) (quoting *Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 758 (1989)). The Court should award fees "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141.

The Seventh Circuit has likened that standard to the qualified immunity doctrine, which "assumes that state officials are aware of existing case law and holds officials liable only if they violate clearly established and particular rights." *Lott v. Pfizer, Inc.*, 492 F.3d 789. 793 (7th Cir. 2007). "As a general rule, if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorney's fees." *Id.*

Defendants have not demonstrated an objectively reasonable basis for asserting fraudulent joinder in light of *Antonio*. It is true that district court decisions alone do not render the law clearly established. *See Lott*, 492 F.3d at 793; *Anderson v. Romero*, 72 F.3d 518, 525 (7th Cir. 1995). However, "[t]hey are evidence of the state of the law [that,] [t]aken together with other evidence, [] might show that the law had been clearly established." *Anderson*, 72 F.3d at 525.

There is other evidence in this case demonstrating that Defendants' removal was not objectively reasonable. An objectively reasonable party would have considered the *Antonio* decision before removing to this Court. The *Antonio* decision, issued only a few months before Defendants removed the case, dealt with almost identical facts and presented identical legal issues.

6

Nevertheless, one could make objectively reasonable arguments that removal was appropriate despite *Antonio*. One could argue that *Antonio* came to the wrong conclusions about the state of Indiana law regarding a store manager's liability for negligently maintained premises. One could argue that since *Antonio*, Indiana law has become more clear. One could make a good faith attempt to distinguish the facts from *Antonio*. Defendants did none of these.

Defendants did not argue that *Antonio* described Indiana law incorrectly. Instead, Defendants argued that *Antonio* was distinguishable because that case dealt with a negligence claim, while this claim was based on premise liability. In another case, such an argument might be plausible. However, where, as here, the Butlers clearly alleged negligence in addition to premise liability, such an argument is objectively unreasonable.

While there is no evidence that Defendants removed the case in an effort to delay this litigation and impose additional costs on the Plaintiffs, such a finding is unnecessary. The Defendants' subjective motivations for removal are irrelevant. *See Lott*, 492 F.3d at 794.

For these reasons, the Defendants' removal is objectively unreasonable, and the Plaintiffs are entitled to attorney's fees.

## II. **CONCLUSION**

For the foregoing reasons, Plaintiffs', Paul and Janet Butler, Motion to Remand is **GRANTED**. The cause is hereby **REMANDED** to Johnson County Superior Court, Johnson County, Indiana. Plaintiffs, Paul and Janet Butler, are entitled to their attorney's fees pursuant to 28 U.S.C. § 1447(c), from defendants, Kohl's Department Stores, Inc. and Jeff Flemming, in the total sum of $1,350.00. Judgment shall enter accordingly.

IT IS SO ORDERED this 23rd day of April, 2008.

                                                                        _____
                                                                        LARRY J. McKINNEY, JUDGE
                                                                        United States District Court
                                                                        Southern District of Indiana

Electronically distributed to:

J. Kevin King
CLINE KING & KING PC
mjn@lawdogs.org

Miriam A. Rich
GONZALEZ SAGGIO & HARLAN LLP
richm@gshllp.com